# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 12, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALICE THOMAS,**
**WIDOW OF JOHN THOMAS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1060**  (BOR Appeal No. 2048347)
                     (Claim No. 920039767)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KEYSTONE SERVICE INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alice Thomas, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board affirmed an April 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 5, 2012, decision denying Ms. Thomas's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Thomas filed a claim for dependent's benefits following the June 5, 2011, death of her husband, John. Prior to his death, the decedent was diagnosed with metastatic lung cancer. He had also been diagnosed with end-stage renal disease, diabetes mellitus, hypertension, hyperlipidemia, chronic obstructive pulmonary disease, occupational pneumoconiosis, and congestive heart failure. The decedent's death certificate lists the cause of death as metastatic lung cancer, and lists coal worker's pneumoconiosis, end-stage renal disease, and diabetes mellitus as secondary conditions. On November 3, 2011, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis did not materially contribute to the decedent's death. The Occupational Pneumoconiosis Board noted that the decedent received a lifetime award of 20% for occupational pneumoconiosis, and determined that x-rays obtained on February 23, 1993, show a minimal degree of occupational pneumoconiosis with no progression from an October 8, 1984, study. On January 5, 2012, the claims administrator denied Ms. Thomas's application for dependent's benefits.

At a hearing on February 20, 2013, the members of the Occupational Pneumoconiosis Board testified that occupational pneumoconiosis did not materially contribute to the decedent's death. Jack Kinder, M.D., testified on behalf of the Occupational Pneumoconiosis Board that occupational pneumoconiosis did not cause the decedent's lung cancer, did not delay his cancer diagnosis, and did not hamper his cancer treatment. Dr. Kinder further testified that the decedent's cancer was metastatic and opined that the decedent would have died as a result of the metastatic cancer regardless of coal dust exposure. Finally, Dr. Kinder testified that the secondary conditions listed on the death certificate, namely occupational pneumoconiosis, end-stage renal disease, and diabetes mellitus, did not materially contribute to the decedent's death and were listed on the death certificate simply as diagnoses present at the time of death. In its Order affirming the January 5, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence fails to establish that occupational pneumoconiosis materially contributed to the decedent's death.

In *Bradford v. Workers' Compensation Comm'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." The Office of Judges found that the evidence of record establishes that the decedent died as a result of metastatic lung cancer. The Office of Judges further found that the Occupational Pneumoconiosis Board's conclusion that occupational pneumoconiosis did not materially contribute to the decedent's death is credible. The Office of Judges took note of the Occupational Pneumoconiosis Board's finding that the decedent's death certificate listed the cause of death as metastatic lung cancer, and further noted that Dr. Kinder opined that metastatic lung cancer, and not occupational pneumoconiosis, was solely responsible for the decedent's death. The Board of Review reached the same reasoned conclusions in its decision of September 26, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II